COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-001-CR

RICKY L. BROWN                                                                  APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
372ND DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------

        Appellant Ricky L. Brown appeals his conviction for possession with 
intent to deliver one gram or more of cocaine, but less than four grams. 
        Pursuant to a negotiated agreement, Brown pleaded guilty to the offense, 
and the State recommended a sentence of four years’ confinement. The judge 
subsequently sentenced Brown to three years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice. 
        Brown’s court-appointed appellate counsel has filed a motion to withdraw 
as counsel and a brief in support of that motion. In the brief, counsel avers 
that, in his professional opinion, this appeal is frivolous. Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief. Brown has been 
given the opportunity to file a pro se brief in support of his appeal, but has not 
done so. 
        Once an appellant’s court-appointed counsel files a motion to withdraw 
on the ground that the appeal is frivolous and that motion fulfills the 
requirements of Anders, this court is obligated to undertake an independent 
examination of the record to essentially re-brief the case for appellant to see if 
there is any arguable ground that may be raised on appellant’s behalf. See 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
        Because Brown pleaded guilty to the offense, he waived the right to 
appeal any non-jurisdictional defects, other than the voluntariness of his plea, 
that occurred before entry of the plea so long as the judgment of guilt was 
rendered independent of, and is not supported by, the alleged error. See Young 
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim . App. 2000); Lewis v. State, 911 
S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdictional defects, the voluntariness of 
Brown’s plea, the trial court’s rulings on pretrial motions, specific matters the 
trial court gave Brown permission to appeal, and potential error occurring after 
the guilty plea. 
A. Jurisdictional Defects
        Our review of the clerk’s record reveals no jurisdictional defects. The trial 
court had jurisdiction over the case. See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2003). Further, the indictment sufficiently conferred jurisdiction 
on the trial court and provided appellant with sufficient notice. See Tex. Const. 
art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 
B. Voluntariness of Plea
        The clerk’s record reveals that Brown’s plea was knowing and voluntary. 
Brown stated in open court that he was pleading guilty to the charged offense 
for no other reason than that he was guilty and that he had been neither 
coerced nor promised anything in return for pleading guilty. The trial court 
properly admonished Brown before he pleaded guilty. See Tex. Code Crim. 
Proc. Ann. art. 26.13(a)(1). Nothing in the clerk’s record would support a 
claim that Brown’s plea was involuntary. 
 
C. Pretrial Rulings and Permission to Appeal 
        An examination of the clerk’s record also reveals that no pretrial motions 
were filed and that the trial court did not give Brown permission to appeal any 
specific issues. Additionally, no error occurred before Brown’s plea of guilty 
was entered. As a result, there is no appealable error under the holding of 
Young. 8 S.W.3d 666-67. 
        Moreover, the record shows that Brown was represented at the trial level 
by competent counsel who managed to negotiate the State’s waiver of the 
habitual offender notice and recommendation of a four-year sentence. Brown 
stated in open court that he was fully satisfied with the representation he had 
received from trial counsel. Thus, our review of the record reveals no arguable 
grounds regarding potential errors that might have occurred prior to Brown’s 
plea.
D. Potential Errors That Might Have Occurred After Plea
        The sentence assessed by the trial court, three years’ imprisonment in the 
Institutional Division of the Texas Department of Criminal Justice, is within the 
statutorily permissible range. See Tex. Penal Code Ann. § 12.33 (Vernon 
2003). Therefore, we discern no reversible error during the punishment phase. 

 
E. Conclusion 
        After independently reviewing the record, we agree with appellate 
counsel’s determination that any appeal from this case would be frivolous. 
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgment. 
 
                                                  PER CURIAM  
 
PANEL F:   WALKER, DAUPHINOT, and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: September 25, 2003